FILED

**NOT FOR PUBLICATION**

JUL 23 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN FRANK JACKSON, | No. 09-15379 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-00555-RJB |
| v. | |
| T. FELKNER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Robert J. Bryan, District Judge, Presiding

Argued and Submitted April 15, 2010
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and COLLINS, District Judge.[**]

Appellant Steven Frank Jackson (Jackson) appeals the district court's denial

of his petition for a writ of habeas corpus, contending that the prosecutor's

peremptory challenges excusing two African-American jurors violated his rights

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

under the Sixth and Fourteenth Amendments. Because Jackson filed his habeas petition after 1996, his claim is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Byrd v. Lewis*, 566 F.3d 855, 859 (9th Cir. 2009).

"Under AEDPA, [Jackson's] petition can be granted only if the state court determination resolving his claim was contrary to, or involved an unreasonable application of, clearly established Federal law . . ." *Id.* (citation and internal quotation marks omitted). It is clearly established federal law that the Equal Protection Clause prohibits the prosecutor from challenging prospective jurors solely on the basis of race. *See Batson v. Kentucky*, 476 U.S. 79, 89 (1986); *see also Ali v. Hickman*, 584 F.3d 1174, 1180 (9th Cir. 2009), *as amended*. "A *Batson* challenge has three steps: first, the defendant must make a prima facie showing that a challenge was based on race; second, the prosecution must offer a race-neutral basis for the challenge; and third, the court must determine whether the defendant has shown purposeful discrimination." *Cook v. Lamarque*, 593 F.3d 810, 814 (9th Cir. 2010) (citations and internal quotation marks omitted). In evaluating pretext, our precedent requires a comparative juror analysis. *See Boyd v. Newland*, 467 F.3d 1139, 1145 (9th Cir. 2006) (citing *Miller-El v. Dretke*, 545 U.S. 231 (2005)).

2

The prosecutor's proffered race-neutral bases for peremptorily striking the two African-American jurors were not sufficient to counter the evidence of purposeful discrimination in light of the fact that two out of three prospective African-American jurors were stricken, and the record reflected different treatment of comparably situated jurors. *See Ali*, 584 F.3d at 1182 (holding under similar circumstances that the California Court of Appeal's finding of no pretext was unreasonable). Therefore, we reverse the district court's denial of Jackson's petition for writ of habeas corpus.

**REVERSED and REMANDED.**